Present: All the Justices

AUGUSTA MUTUAL INSURANCE COMPANY

v. Record No. 061339  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        June 8, 2007
CARVIE M. MASON, JR., ET AL.

FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

The dispositive issue in this appeal concerns the legal sufficiency of an insurance company's pleading in a third-party action for damages arising out of an insurance agent's allegedly fraudulent misrepresentations regarding the condition of a dwelling that the insurance company agreed to insure.  Because the only duties allegedly violated by the agent emanate exclusively from the parties' preexisting contractual relationship, we conclude that the insurance company failed to properly state claims for either fraud in the inducement or breach of fiduciary duty.  Accordingly, we will affirm the circuit court's judgment sustaining demurrers and dismissing the insurance company's amended third-party motion for judgment with prejudice.

I. FACTS AND PROCEEDINGS

Carvie M. Mason, Jr. and Joseph W. Mason filed a motion for judgment against Augusta Mutual Insurance Company (Augusta Mutual) on February 24, 2005, seeking damages for Augusta Mutual's allegedly wrongful denial of

coverage for a loss sustained by the Masons on December 25, 2004, when a fire destroyed a dwelling they owned. According to the Masons, Augusta Mutual denied coverage for their fire loss because of a misrepresentation on a "Woodburning Stove Inspection Report" (the Report) that supposedly bore Carvie's signature and was part of the Masons' initial application for a homeowner's insurance policy. The Masons alleged that, on December 7, 1998, Herbert L. Jones, Jr., acting as an agent for Augusta Mutual, completed and signed the Report, which erroneously indicated that a flue in the Masons' dwelling was constructed of masonry lined with tile. The Masons asserted that they never told Jones how the flue was constructed and that Carvie did not sign the Report. In their motion for judgment, the Masons asserted claims against Augusta Mutual for breach of the insurance contract, defamation of Carvie, and bad faith.

Augusta Mutual filed an amended third-party motion for judgment against Jones and Lee-Curtis Insurance Services, Inc. (Lee-Curtis), Jones' employer at the time he allegedly completed the Report.[1] Augusta Mutual alleged that, if the

---

[1] The circuit court previously sustained a demurrer to Augusta Mutual's original third-party motion for judgment, in which Augusta Mutual alleged that Jones and Lee-Curtis were liable to it under theories of breach of contract,

2

Masons' allegations were true, then Jones, by submitting the Report with actual or constructive knowledge of its inaccuracy and by signing Carvie's name to it, breached contractual duties he owed to Augusta Mutual under an Agency Agreement between Augusta Mutual and Lee-Curtis,[2] as well as contractual duties set forth in the Report, Augusta Mutual's policy manual, and its underwriting guidelines. Augusta Mutual asserted claims against Jones for fraud in the inducement and breach of fiduciary duties. Augusta Mutual also alleged that Lee-Curtis was vicariously liable for Jones' wrongful acts.

---

negligence, and respondeat superior for any damages that Augusta Mutual might be required to pay to the Masons. Augusta Mutual did not incorporate or refer to those allegations in its amended pleading. Thus, those original allegations are not before us in this appeal. See Yuzefovsky v. St. John's Wood Apartments, 261 Va. 97, 102, 540 S.E.2d 134, 136 (2001) ("[W]hen a circuit court sustains a demurrer to an amended motion for judgment which does not incorporate or refer to any of the allegations that were set forth in a prior motion for judgment, we will consider only the allegations contained in the amended pleading to which the demurrer was sustained.").

[2] Augusta Mutual and Lee-Curtis entered into an "Agency Agreement" that, among other things, authorized Lee-Curtis "to receive and accept proposals of insurance," to bind Augusta Mutual up to a certain risk limit, and to appoint "licensed solicitors or sub-agents." In the agreement, Lee-Curtis acknowledged that all information requested in an application for insurance "is material to [Augusta Mutual's] underwriting decisions." The Agency Agreement required Lee-Curtis to "use due diligence in obtaining accurate information and making all necessary inspections required by [Augusta Mutual]."

Jones and Lee-Curtis each filed a demurrer to Augusta Mutual's amended third-party motion for judgment. They asserted that any recovery by Augusta Mutual based on the facts alleged would be based in contract, not tort, and, therefore, the claims for fraud in the inducement, breach of fiduciary duty, and respondeat superior must be dismissed. Both third-party defendants also filed separate pleas asserting that the applicable statute of limitations barred Augusta Mutual's claims. The circuit court sustained the third-party defendants' demurrers and pleas of the statute of limitations, and dismissed Augusta Mutual's amended third-party motion for judgment with prejudice. This appeal ensued.

## II. ANALYSIS

Augusta Mutual assigns two errors to the circuit court's judgment. First, it argues that the circuit court erred by sustaining the third-party defendants' pleas of the statute of limitations. Second, Augusta Mutual challenges the circuit court's judgment sustaining the demurrers filed by Jones and Lee-Curtis. The second assignment of error is dispositive. In that regard, the parties' dispute centers on the question whether Augusta Mutual's amended third-party motion for judgment stated actionable claims for fraud in the inducement and/or breach

4

of fiduciary duty,[3] or whether, as Jones and Lee-Curtis contend, Augusta Mutual attempted to turn what was actually a breach of contract claim into actionable tort claims.

The principles guiding our review of a trial court's judgment sustaining a demurrer are well-established. "The purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted." Tronfeld v. Nationwide Mut. Ins. Co., 272 Va. 709, 712, 636 S.E.2d 447, 449 (2006) (citing Welding, Inc. v. Bland County Serv. Auth., 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001)). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." Glazebrook v. Board of Supervisors, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Accordingly, we accept as true all properly pled facts and all inferences fairly drawn from those facts. Id. "Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo." Dreher v. Budget Rent-A-Car Sys., 272 Va. 390, 395, 634

---

[3] On brief, Augusta Mutual also argues that its amended third-party motion for judgment alleged sufficient facts to state a cause of action for negligence per se based on Jones' alleged violation of Code § 38.2-512. Our review of the record discloses that Augusta Mutual did not plead negligence per se in its amended third-party motion for judgment and that such a claim was not before the circuit court when it sustained the demurrers.

5

S.E.2d 324, 326–27 (2006) (citing Glazebrook, 266 Va. at 554, 587 S.E.2d at 591).

We turn first to Augusta Mutual's asserted cause of action for fraud in the inducement. That claim, embodied in Count I of Augusta Mutual's amended third-party motion for judgment, alleged that, if Jones actually stated that the flue was lined with tile and signed Carvie's name on the Report, Jones did so intentionally in order to receive a commission for himself and Lee-Curtis and that, in doing so, Jones misrepresented material facts upon which Augusta Mutual relied to its detriment by issuing a homeowner's insurance policy to the Masons. It is true that a "false representation of a material fact, constituting an inducement to the contract, on which [a party] had a right to rely, is always ground for rescission of the contract by a court of equity" or "ground for an action for damages in a court of law." George Robberecht Seafood, Inc. v. Maitland Bros. Co., 220 Va. 109, 111–12, 255 S.E.2d 682, 683 (1979) (citations omitted). Jones and Lee-Curtis contend, however, that the allegations were insufficient to state an actionable claim for fraud in the inducement because Augusta Mutual failed to assert that Jones' alleged actions violated any duties apart from those contract

6

duties arising by virtue of the Agency Agreement.  We agree with Jones and Lee-Curtis.

At the outset, we acknowledge that a single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort.  Foreign Mission Bd. v. Wade, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991) (citing Kamlar Corp. v. Haley, 224 Va. 699, 705, 299 S.E.2d 514, 517 (1983)).  To avoid turning every breach of contract into a tort, however, we have enunciated the rule that, in order to recover in tort, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract."  Id. (citing Spence v. Norfolk & W. R.R. Co., 92 Va. 102, 116, 22 S.E. 815, 818 (1895)).

Our decision in Richmond Metropolitan Authority v. McDevitt Street Bovis, Inc., 256 Va. 553, 507 S.E.2d 344 (1998), exemplifies the application of that rule.  There, a municipal corporation entered into an agreement with a private contractor for the construction of a baseball stadium.  Id. at 555, 507 S.E.2d at 345.  In order to obtain payment for its work, the contractor submitted several documents to the municipal corporation stating under oath that it had completed the construction work

according to the design specifications set forth in the contract. Id. at 555–56, 507 S.E.2d at 345. Many years later, the municipal corporation learned that the contractor failed, despite its prior representations, to comply with the design specifications. Id. at 556, 507 S.E.2d at 345. Consequently, the municipal corporation filed an action against the contractor, alleging, inter alia, claims for actual and constructive fraud. Id. at 556, 507 S.E.2d at 345–46. The trial court entered summary judgment for the contractor, finding that the contractor's alleged misrepresentations only breached duties assumed by contract and that nothing demonstrated the breach of any duty that was separate and independent from the contract. Id. at 557, 507 S.E.2d at 346.

On appeal, the municipal corporation contended that the contractor's misrepresentations about its compliance with the contract and its "false applications under oath to induce payments" were "separate and independent wrongs that [went] beyond [the] contractual duties" and supported causes of action for actual and constructive fraud. Id. We rejected this argument and affirmed the judgment of the trial court. Id. at 557, 560, 507 S.E.2d at 346, 348. We explained that the determination whether a cause of action sounds in contract or tort depends on the source of the

8

duty violated.  Id. at 558, 507 S.E.2d at 347.  Because "each particular misrepresentation by [the contractor] related to a duty or an obligation that was specifically required by the . . . [c]ontract," we concluded that the contractor's misrepresentations did not give rise to a cause of action for actual fraud.  Id. at 559, 507 S.E.2d at 347.  Likewise, because the record failed to show that the contractor did not intend to fulfill its contractual duties when it entered into the agreement with the municipal corporation, we held there was no claim for fraud in the inducement.  Id. at 560, 507 S.E.2d at 348.

Augusta Mutual argues that the instant case is distinguishable from McDevitt because the latter did not involve either allegations that the contractor made intentionally false statements to induce the municipal corporation to enter into the contract or evidence that the contractor never intended to fulfill its contractual obligations.  Augusta Mutual contends that in this case, however, its allegations asserting that Jones' intentional misrepresentations on the Report induced it to issue the insurance policy to the Masons state a claim for fraud in the inducement.  We disagree.

The duties that Jones allegedly violated by making fraudulent representations about the condition of the

9

Masons' flue and by signing Carvie's name on the Report arose solely by virtue of the Agency Agreement between Augusta Mutual and Lee-Curtis. The agreement specifically required "due diligence in obtaining accurate information and making all necessary inspections required by [Augusta Mutual]." In addition, a sentence appearing at the top of the Report stated, "This form is to be completed by an Augusta Mutual [a]gent after a personal inspection of the installed stove and this report is to be signed by the agent and the policyholder." In fact, Augusta Mutual alleged in its amended third-party motion for judgment that Jones breached his contractual duties to Augusta Mutual as set forth not only in the Agency Agreement, but also in the Report, Augusta Mutual's policy manual, and its underwriting guidelines. Augusta Mutual failed to identify the breach of any duty arising from a source other than its contractual relationship with Lee-Curtis. Like the municipal corporation in McDevitt, Augusta Mutual alleged only a breach of contractual obligations. Thus, it did not assert a valid claim for fraud in the inducement.[4]

---

[4] In light of our decision, it is not necessary to decide whether a claim for fraud in the inducement exists when the party engaging in the alleged fraudulent conduct is not a party to the contract fraudulently induced.

10

This conclusion applies with equal force to Augusta Mutual's claim for damages based on Jones' alleged breach of fiduciary duties. In Count II of its amended third-party motion for judgment, Augusta Mutual claimed that, if the Masons' allegations were true, then Jones, as an agent and fiduciary of Augusta Mutual, violated his duties

> to exercise the utmost good faith and loyalty towards Augusta Mutual, to avoid acting adversely to the interests of Augusta Mutual by taking any position that is inconsistent with the interests of Augusta Mutual, to disclose any and all knowledge that might affect Augusta Mutual's decision on whether to insure [the Masons], and to avoid withholding any material information relating to [the Masons'] application for insurance.

Although Augusta Mutual alleged that these duties exist "[a]part from any duties Jones may have had to Augusta Mutual pursuant to contract," the duties that Jones allegedly violated are nothing more than the fiduciary duties an agent owes to his or her principal. See Horne v. Holley, 167 Va. 234, 241, 188 S.E. 169, 172 (1936) ("[A]n agent is a fiduciary with respect to the matters within the scope of his agency."). "A fiduciary relationship exists in all cases when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." H-B Ltd. P'ship v. Wimmer, 220

11

Va. 176, 179, 257 S.E.2d 770, 773 (1979); see also Ferguson

v. Gooch, 94 Va. 1, 6, 26 S.E. 397, 399 (1896).

"[I]ncorporated in every contract between a fiduciary and

his principal is an obligation, imposed by law upon the

fiduciary, to disclose anything known to him which might

affect the principal's decision whether or how to act."

Owen v. Shelton, 221 Va. 1051, 1054, 277 S.E.2d 189, 191

(1981).

But for the existence of the Agency Agreement, neither

Jones nor Lee-Curtis would have owed any fiduciary duty to

Augusta Mutual.  That certain of those fiduciary duties

arose by implication does not alter the result.  See

O'Connell v. Bean, 263 Va. 176, 181, 556 S.E.2d 741, 743

(2002).  As we previously explained:

> "If the cause of complaint be for an act of
> omission or non-feasance which, without proof of
> a contract to do what was left undone, would not
> give rise to any cause of action (because no duty
> apart from contract to do what is complained of
> exits) then the action is founded upon contract,
> and not upon tort."

Oleyar v. Kerr, 217 Va. 88, 90, 225 S.E.2d 398, 399 (1976)

(quoting Burks Pleading and Practice § 234 at 406 (4th ed.

1952)).  "The law of torts provides redress only for the

violation of certain common law and statutory duties

involving the safety of persons and property, which are

imposed to protect the broad interests of society."  Filak

12

v. George, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004). Any fiduciary duty allegedly breached in this case existed solely because of the contractual relationship between Augusta Mutual and Lee-Curtis, and in turn, its employee, Jones.  Therefore, we hold that Augusta Mutual failed to assert a valid claim for breach of fiduciary duties.

### III. CONCLUSION

For the reasons stated and because we continue in our commitment to "safeguard against turning every breach of contract into an actionable claim for fraud," McDevitt, 256 Va. at 560, 507 S.E.2d at 348, we conclude that the circuit court did not err in sustaining the third-party defendants' demurrers and dismissing Augusta Mutual's amended third-party motion for judgment with prejudice.  Thus, we will affirm the circuit court's judgment.[5]

Affirmed.

---

[5]  In light of our decision, it is not necessary to address Augusta Mutual's remaining assignment of error challenging the circuit court's decision sustaining the pleas of the statute of limitations filed by Jones and Lee-Curtis.