# CIRCUIT COURT OF FAIRFAX COUNTY

Sharon C. Golden

v.

George F. Chaplin

July 17, 2009

Case No. CL-2007-6100

By Judge Robert J. Smith

*Issue Presented*

Whether money can be converted?

*Facts*

Plaintiff Sharon C. Golden brought this action against Defendant George F. Chaplin in his individual capacity and in different business capacities, alleging that he converted certain money she entrusted with him.

On March 30, 1995, Plaintiff's husband died, leaving her a small pension and the proceeds of a life insurance policy. Plaintiff was concerned that the pension would not be sufficient to support her and her daughter, so she investigated ways she could wisely invest the life insurance proceeds. Plaintiff alleges that Chaplain represented to her that he could generate an annual rate of return on those proceeds of at least 14 percent per year and that he had generated returns of 20 percent per year for other clients.

Plaintiff alleges that, based on Defendant's representations, she entrusted to Defendant $250,000. The Complaint goes into specific detail about the financial machinations that ensued, but, for purposes of this issue, it is sufficient to note that the money is now unavailable.

Defendant has demurred to the Complaint, asserting that money cannot be the subject of a common law conversion.

*Analysis*

"The purpose of a demurrer is to determine whether a motion for judgment states a cause of action upon which the requested relief may be granted." *Augusta Mutual Ins. Co. v. Mason*, 274 Va. 199 at 204, 645 S.E.2d 290 at 293 (2007). All properly pleaded facts and inferences fairly drawn from those facts are accepted as true. *Id.*

Conversion is the wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another in denial of or inconsistent with the owner's rights. *Economopoulos v. Kolaitis*, 259 Va. 806, 528 S.E.2d 714 (2000). An action in conversion generally applies to tangible personal property. *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 440 S.E.2d 902 (1994). Conversion has been recognized in cases where intangible property rights arise from or are merged with a document such as a valid stock certificate, promissory note, or bond. *Id.*

This action probably would not lie at common law. The common law rule was that money could not be converted so as to support an action in trover unless it was in a bag or chest. *Holliday v. Hicks*, Croke Eliz. 638, 661, 78 Eng. Rep. 878, 900 (1599).

As a result of the common law rule, an action would not lie for the conversion of money. *Greene County Bd. of Educ. v. Bailey*, 586 So. 2d 893 (Ala. 1991). The Alabama Supreme Court recognized, though, the obvious evolution of the economic system and, in the *Bailey* case, held that money that had been deposited to a school lunchroom account had been converted when the defendants employed an intricate scheme to appropriate the money for their own use. *Id.* at 899-900.

The general rule in the Commonwealth is that an action for conversion applies only to tangible property. *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 440 S.E.2d 902 (1994). This general rule, however, does not stand for the proposition that money cannot be the subject of conversion.

In *PGI, Inc. v. Rathe Productions, Inc.*, 265 Va. 334, 576 S.E.2d 438 (2003), the Defendant received $250,000 as settlement for claims that Rathe and two other corporations, PGI and OSA, had against the Smithsonian Institute. Rathe never notified PGI and OSA of the settlement proceeds. When PGI and OSA demanded distribution of the proceeds, Rathe refused. PGI sued Rathe, alleging different theories of recovery, one of which was conversion. The jury found for PGI and OSA and awarded them $100,000 and $50,000 respectively. The trial court granted Rathe's motion to set aside the jury verdict, ruling that PGI had not proved the elements of conversion and entered

judgment for Rathe. *Id.*, at 344. The Supreme Court reversed. The Supreme Court cited *United Leasing, supra*, for the proposition that "the tort of conversion 'encompasses any wrongful exercise or assumption of authority . . . over another's goods, depriving him of their possession; [and any] act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it'." *PGI, Inc. v. Rathe Productions, Inc., supra*, at 345, 443.

The facts in *Rathe* are strikingly similar to the facts of this case. In this case, as in *Rathe*, the plaintiff gave money to another person. That person then exercised an alleged wrongful conversion of that money. If money was the proper subject of a conversion in *Rathe*, the similarity of facts in this case dictates the same result.

For the foregoing reasons, the demurrer is overruled.