# CIRCUIT COURT OF THE CITY OF NORFOLK

Metro Housing Group

v.

Teatta M. Confalone
and Integrity Staffing Services, Inc.

September 28, 2010

Case No. (Civil) CL10-2071

BY JUDGE MARY JANE HALL

This matter comes before the Court on the Motion Craving Oyer and Demurrer of Integrity Staffing Services, Inc. ("ISS") to the Amended Complaint. The Court heard argument on September 22, 2010, and sustained the Motion Craving Oyer in open court. After consideration of the pleadings, as supplemented by those contract documents appended to the pleadings as a result of the Court's order granting motion craving oyer, all briefs, and the arguments of counsel, the Court sustains Defendant's demurrer. The Court grants Plaintiff leave to amend the Amended Complaint within twenty-one days to allege a theory of liability based in contract.

## Statement of Facts

Defendant ISS, an agency that provides temporary staffing and personnel to its clients, placed its employee Teatta Confalone with Plaintiff Metro Housing Group in response to Metro's request for an office administrative temporary worker. Defendant Confalone had previous convictions for financial felonies that ISS did not disclose to Metro. Once at work for Metro, Confalone allegedly embezzled, stole money and property, and forged various checks for which crimes she was ultimately convicted.

Plaintiff sues both Confalone and ISS for compensatory and punitive damages. The Demurrer was filed only on behalf of ISS.

## Procedural Background

Plaintiff filed its original Complaint in this matter on March 24, 2010. ISS filed a demurrer and a motion craving oyer to that Complaint, arguing "It is unclear whether Plaintiff is basing its cause of action against ISS on a negligence theory or a contract theory" (¶ 2) and "It is unclear from the face of the Complaint whether Plaintiff is alleging a cause of action in tort or in contract." (¶ 6.) The Court sustained ISS' demurrer and entered an order that had been drafted and endorsed by counsel: "It is hereby ordered that Defendant's Demurrer is sustained with respect to Plaintiff's Complaint for the reasons stated in the Demurrer and that Plaintiff is granted until July 6, 2010, to file an Amended Complaint." The Court did not expressly rule, as it is now being asked to do, that Metro has no cause of action in negligence against ISS under the facts alleged.

Metro subsequently filed an Amended Complaint that omitted references to contract duties and purported to articulate only claims sounding in negligence. ISS' original Demurrer did include a challenge to the availability of a negligence theory to Plaintiff under the facts alleged ("Therefore, Plaintiff's cause of action would be for breach of contract, not negligence" (¶ 9)), but the Order sustaining that original demurrer did not squarely address that argument. Given the other verbiage in that demurrer quoted above, Plaintiff might have understood that it was required merely to clarify whether it was proceeding under the law of negligence or contract.

Now that Metro has made its election and filed a pleading by which it attempts to proceed only under a negligence theory, ISS asserts that Metro has no remedy other than under the law of contract. The Court agrees. Had that ruling been expressly included in the prior order sustaining demurrer, the Court would likely not permit another amendment, but, because it was not, Plaintiff will be permitted another opportunity to amend to articulate any such claims.

## Standard

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (*quoting Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)).

Additionally, a trial court ruling on a demurrer may consider not only the substantive allegations of the pleading but also any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). A demurrer does not, however, "admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) *(citations omitted)*.

## Discussion

### A. *Metro's Claims against ISS Are Founded in Contract and Not Tort*

Metro's original pleading suggested that ISS breached duties that it owed to Metro both under the law of contract and the law of negligence. The current pleading omits any reference to contract duties, but the Quote for Rates (Exhibit A to Motion Craving Oyer) and the signed Credit Application and Agreement (Exhibit B to Motion Craving Oyer) are before the Court as part of the pleading record as a result of the motion craving oyer. Those documents unambiguously describe duties that the parties assumed as a result of their contractual relationship.

It is well settled that "a single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort." *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 205, 645 S.E.2d 290, 293 (2007); *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). The source of the duty violated will determine whether the claim sounds in contract or in tort. *Dunn Constr. Co. v. Cloney*, 278 Va. 260, 267, 682 S.E.2d 943, 946-47 (2009). The nature of the alleged claims and damages will demonstrate the appropriate source of the duty. To recover in tort, the duty must be one established by common law and not one based on a contract between the parties. *Augusta Mut. Ins. Co.*, 274 Va. at 205, 645 S.E.2d at 293. Where a valid contractual relationship exists between parties and the alleged claims arose out of a breach of the contract, the source of the duty owed to the plaintiff will be based on the contractual relationship.

Metro's Amended Complaint alleges that ISS "had a duty to warn Metro and/or their employees and/or their agents that Ms. Confalone was a convicted felon prior to allowing her to engage in work for Metro." (¶ 13.) It further alleges that "In failing to undertake a background check and/or in failing to warn the Plaintiff of Ms. Confalone's prior thefts and embezzlements, the Defendants . . . were negligent." (¶ 18.) Those are duties that ISS would not have owed to Plaintiff but for its contract. The Supreme Court of Virginia has explained:

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left

undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists), then the action is founded upon contract and not upon tort.

*Oleyar v. Kerr*, 217 Va. 88, 90, 225 S.E.2d 398, 399 (1976). Therefore, if ISS breached a duty to warn Metro about Confalone's criminal record or to conduct a background check on Confalone, those were breaches of contract and not acts of negligence.

The fact that the contract documents between the parties expressly provide for the conduct of a background check on prospective temporary employees confirms that the service is a bargained-for contract duty and not a common-law duty. The Quote for Rates provides: "We can also provide . . . reference checks. Be sure to clarify your needs with our staff upon placing a request." (Exhibit A to Motion Craving Oyer.)

The source of the duty that Metro describes in the Amended Complaint is based on a breach of the terms and conditions of the contract it had with ISS. The Court sustains ISS's Demurrer on this ground because Metro's Amended Complaint seeks to recover under the law of negligence.

## B. *ISS Is Not Jointly Liable with Its Employee*

Defendant has two other arguments in support of demurrer. It argues that it cannot be held jointly and severally liable with Confalone, the other defendant herein, because "the causes of action Plaintiff purports to assert are not directed to all the defendants." (Demurrer to Am. Compl, ¶ 1.) Plaintiff clarified at oral argument that it seeks to hold ISS liable in respondeat superior for the misfeasance of Defendant Confalone.

Under a theory of respondeat superior, an employer may be found liable for the negligent acts of its employees as well as any intentional torts committed by its employees within the scope of their employment. *Roughton Pontiac Corp. v. Alston*, 236 Va. 152, 156, 372 S.E.2d 147, 149 (1988). The intentional acts of Confalone, an ISS employee, may have supported liability under a theory of respondeat superior against ISS. The Credit Application and Agreement between ISS and Metro, however, clearly prohibited Metro from allowing ISS employees to handle cash, negotiable instruments, or other valuables without written permission from ISS. The agreement further acknowledges that ISS "will not cover loss or damages resulting therefrom" and provides that Metro "will hold ISS harmless from any claims arising out of the breach of the foregoing." (¶ 5, Terms and Conditions, Credit Application and Agreement.) Application of the plain language of this agreement provides that ISS may not be held liable under respondeat superior for liability that it clearly disclaimed in the Credit Agreement.

The Court concludes that, for these reasons, ISS cannot be liable based on respondeat superior on the facts alleged in the Amended Complaint; therefore, it is not jointly and severally liable for Metro's alleged injuries caused by Confalone's activities.

## C. *Metro Has Not Stated a Claim for Punitive Damages*

ISS' remaining argument addresses Metro's request for punitive damages. Damages for breach of contract are awarded to compensate the parties, while punitive damages are awarded to punish specific conduct of the defendant and to further social policy by deterring others from acting in a similar manner. *Kamlar Corp. v. Haley*, 224 Va. 699, 706, 299 S.E.2d 514, 517 (1983). It is well-settled that where there is a simple breach of contract claim, punitive damages will not be awarded unless the plaintiff alleged specific facts that prove a separate and independent tort. *Id.*

The Amended Complaint describes duties arising only out of the contractual agreement between the parties. Metro has not alleged any specific facts to support a separate and independent tort that could support a request for punitive damages. ISS' Demurrer to that request is sustained.

Plaintiff is granted leave to amend the Complaint to articulate its claim for any breaches of duty for which ISS may be liable to Metro under the law of contract.