# CIRCUIT COURT OF FAIRFAX COUNTY

Gloria Salazar
and Wilian Salazar

v.

US Bank, N.A., et al.

March 9, 2011

Case No. CL-2010-7915

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on February 25, 2011, on Defendant Equity Trustees' Demurrer. Upon consideration of the pleadings, arguments of counsel, and the applicable governing authorities, the Court sustains in part and overrules in part Defendant's Demurrer.

## Background

This action arises from foreclosure proceedings initiated by Defendants against property owned by Plaintiffs Gloria and Wilian Salazar located at 6617 Newington Road in Lorton, Virginia. On January 22, 2007, the Salazars purchased the subject property, and, to effectuate the purchase, they executed a promissory note and a deed of trust, the latter of which granted a security interest in the property to the Salazars' original lender, GE Money Bank.

In May of 2009, Defendant US Bank, through its agent Saxon, filed with the land records a "Deed of Appointment of Substitute Trustee," which appointed Defendant Equity Trustees ("Equity") as substitute trustee under the Deed of Trust. Defendant US Bank effectuated this appointment pursuant to their alleged status as the owner of the Salazars' debt and beneficiary under the Deed of Trust.

At some point thereafter, the Salazars apparently became delinquent in their mortgage payments, and Equity began demanding payment on

the Note and threatening foreclosure. By letter dated June 3, 2009, Equity initiated foreclosure proceedings against the property under the Deed of Trust, and a trustee's sale was held on June 19, 2009. Defendant US Bank purchased the property at foreclosure, and they subsequently filed a Deed of Sale in the land records evidencing the foreclosure sale.

On June 2, 2010, the Salazars filed suit in this Court alleging two claims: (I) Negligence as to Defendants Equity and Saxon; and (II) Quiet Title as to all Defendants. Count II specifically asks the Court to "remove/ strike the . . . deed of sale and the deed of appointment from the land records," and Count I requests "compensatory damages."

On July 1, 2010, Equity filed the instant Demurrer arguing that the Salazars failed to state a claim under both counts. With respect to Count I, Equity argues that the Salazars cannot assert a cause of action for negligence because the duty allegedly breached was based solely on a contractual relationship, i.e. the Deed of Trust. Virginia law does not permit a tort action based solely upon an alleged negligent breach of a contractual duty. With respect to Count II, Equity argues that "[the Salazars] cannot plead they have superior title" because the Complaint admits that the subject property remains encumbered by the Deed of Trust, which by its terms could be assigned to another party.

On August 16, 2010, the Salazars filed a response. Concerning Count I, the Salazars argue that Equity owed "the duties of impartiality and ordinary care" of a fiduciary and Equity negligently breached these duties by failing to inquire whether Defendant US Bank had authority to foreclose. Moreover, the Salazars claim that this breach caused damages because US Bank did not have authority to foreclose. According to the Salazars, these allegations are clearly set forth in the Complaint and they state a claim for negligence. With regards to Count II, the Salazars contend that US Bank never had ownership of their debt obligation, and thus the foreclosure sale was invalid. Moreover, this invalid foreclosure created a cloud on their title through the improper deed of sale and deed of appointment.

The Court held a hearing on Equity's Demurrer on February 25, 2011. Following this hearing, the Court took Equity's Demurrer under advisement.

*Analysis*

A. *Demurrer Standard*

A demurrer tests the legal sufficiency of a pleading and should be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action. Va. Code Ann. § 8.01-273 (2011); *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 914 (2001). A demurrer presents only a question of law to be

decided by the court. *Tazewell County Sch. Bd. v. Snead*, 198 Va. 100, 103, 92 S.E.2d 497, 500 (1956). In ruling on a demurrer, the court must admit as true all of the material facts properly alleged, as well as those that may be fairly and justly inferred from those facts. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991).

## B. *Count I: Negligence*

A plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132, 523 S.E.2d 826, 830 (2000). "[W]here there is no breach or violation of a legal duty to take care for the safety of the person or property of another there can be no actionable negligence." *Atlantic Co. v. Morrisette*, 198 Va. 332, 333, 94 S.E.2d 220, 222 (1956).

Here, the parties dispute whether the Complaint states a valid duty that can form the basis for a negligence action. Concerning duty, the Complaint alleges that Equity "owed the duties of impartiality and the ordinary care of a fiduciary." Equity, however, argues that these alleged fiduciary duties arise solely from their contractual relationship with the Salazars through the Deed of Trust, and Virginia law does not permit a tort action, such as negligence, based upon an alleged negligent breach of a contractual duty.

It is well established in Virginia that, to plead a cause of action for negligence, the duty alleged to have been tortiously breached must be a common law duty, not a duty arising between the parties solely by virtue of a contract. *See Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). Absent the existence of an independent common law duty, no action for tort will properly lie between parties to a contract. This requirement maintains the important distinction between tort and contract: "The law of torts provides redress only for the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society," whereas "losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Filak v. George*, 267 Va. 612, 618, 594 S.E.2d 610, 613 (2004).

The Supreme Court of Virginia has regularly rejected claims sounding in negligence for losses resulting from breaches of duties among parties whose relationships were founded in contract. In *Oleyar v. Kerr*, 217 Va. 88, 225 S.E.2d 398 (1976), for example, the Supreme Court found that, despite an attorney's acknowledgement at trial that he was negligent in failing to find and report a judgment lien as part of a title search, the appropriate action was one for breach of contract, as no duty would have existed other than through the contract. Similarly, in *Kamlar Corp. v. Haley*, 224 Va. 699, 299 S.E.2d 514 (1983), the Court rejected a claim for punitive

damages for bad motive in the breach of an employment contract, finding that Virginia law allowed such damages only upon proof of a willful tort based on a duty independent of the duty inherent in a breach of contract claim.

What distinguishes a common law duty from a duty created by contract is its source. A common law duty results when "the relation of the plaintiff and the defendant be such that a duty arises from that relationship, irrespective of contract." *Oleyar*, 217 Va. at 90, 225 S.E.2d at 399; *see Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 645 S.E.2d 290 (2007). In *Augusta*, the Virginia Supreme Court specifically noted that, to assert a tort claim, the duty alleged to have been breached cannot stem solely from the parties contractual relationship. 274 Va. at 207-08, 645 S.E.2d at 295.

Accordingly, for the Salazars to maintain their negligence claim against Equity, the Complaint must identify a separate common law duty that results independently from any contractual relationship. The Salazars allege that Equity owed them the duties of impartiality and ordinary care of a fiduciary. These alleged duties form the entire basis for the Salazars' negligence claim.

A review of the pleadings indicates that these fiduciary duties are nothing more than duties imposed upon Equity resulting from the Deed of Trust, which undoubtedly constitutes a contract. *See* Va. Code Ann. § 55-59 (2011) (every deed of trust to secure debts or indemnify sureties is in the nature of a contract); *Virginia Hous. Dev. Auth. v. Fox Run Ltd. P'ship.*, 255 Va. 356, 365, 497 S.E.2d 747, 753 (1998) (deeds of trust and notes, when executed together, constitute a single contract); *Belvin's Ex'r v. Belvin*, 167 Va. 355, 362, 189 S.E. 315, 318 (1937) (under Virginia law deeds of trust are treated under the same principles as contracts). Fiduciary duties certainly exist between a substitute trustee and the debtor under a deed of trust, but these fiduciary duties exist solely because of the deed of trust. Va. Code Ann. § 55-59 (once appointment of a substitute trustee has been executed, the substitute trustee shall be vested with all the powers, rights, authority, and duties vested in the original deed of trust); *see Whitlow v. Mountain Trust Bank*, 215 Va. 149, 207 S.E.2d 837, 840 (1974) (Virginia law provides that a trustee under a deed of trust is a fiduciary for both the debtor and the creditor, and in this dual capacity, the trustee must act impartially respecting these two competing interests); *see generally Powell v. Adams*, 179 Va. 170, 174, 18 S.E.2d 261, 262-63 (1942) (the duties of a trustee in a deed of trust, given to secure the payment of a debt, are limited and defined by the instrument under which he acts). Absent the deed of trust, a trustee has no relationship or obligation to the debtor which could confer fiduciary duties upon the trustee. In other words, no fiduciary duties exist in this case apart from the parties' contractual relationship under the Deed of Trust.

The Court finds the instant case analogous to *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 645 S.E.2d 290 (2007). In that case, Lee-Curtis Insurance Services, Inc., and its employee, Herbert L. Jones, Jr., acted as agents for Augusta Mutual Insurance Company, pursuant to an agency agreement. *Id.* at 203, n. 2, 645 S.E.2d at 292, n. 2. After a couple sued Augusta Mutual for wrongful denial of coverage, Augusta Mutual filed a third-party motion for judgment against Lee-Curtis and Jones, asserting several claims, including a claim for breach of fiduciary duties. *Id.* at 202-03, 645 S.E.2d at 291-92. The Virginia Supreme Court ultimately held that Augusta Mutual's breach of fiduciary duties claim was without merit, reasoning that "[a]ny fiduciary duty allegedly breached . . . *existed solely because of the contractual relationship* between Augusta Mutual and Lee-Curtis, and in turn, its employee, Jones." *Id.* at 208, 645 S.E.2d at 295 (emphasis added). Stated differently, "[b]ut for the existence of the Agency Agreement, neither Jones nor Lee-Curtis would have owed any fiduciary duty to Augusta Mutual." *Id.* at 207, 645 S.E.2d at 295. Crucially, the Court precluded all fiduciary duties, even those "imposed by law" that were not stated in the agreement, because they would not have existed but for the contractual relationship. *Id.* at 207, 645 S.E.2d at 295.

In this case, but for the existence of the Deed of Trust, Equity would not have owed any fiduciary duties to the Salazars. Indeed, Equity had no relationship with the Salazars absent the Deed of Trust, and thus any fiduciary duty allegedly breached existed solely because of this contractual relationship. Therefore, the Court holds that the Salazars failed to assert a valid claim for negligence because the duties allegedly breached by Equity arise by virtue of their contractual relationship, i.e the Deed of Trust, and not the common law. Equity's brief also argues that the Salazars' negligence claim is barred under the economic loss rule. The Court, however, will not address this argument because the discussion above is dispositive of the negligence claim.

## C. *Count II: Quiet Title*

It is well established in Virginia law that equity has inherent jurisdiction to quiet title to land and remove a cloud therefrom. *Day v. Vaughn & Usilton, Inc.*, 193 Va. 168, 171, 67 S.E.2d 898, 901 (1951). An action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims, i.e. clouds, against that title. *Maine v. Adams*, 277 Va. 230, 672 S.E.2d 862, 866 (2009). A plaintiff asserting a quiet title claim must plead and prove that she has superior title to the property over the defendant. *See id.*

In this case, the Complaint sufficiently alleges a claim for quiet title on grounds that Defendants took title in the Salazars' property through an invalid foreclosure sale.

Under Virginia law, a deed of trust is enforceable only by a beneficiary of the underlying debt. *Benkahla v. White*, CL-2010-4955, 2011 Va. Cir. LEXIS 2, at *9-10 (Va. Cir. Jan. 18, 2011) █ Without an interest in the debt, a person has no authority to foreclose or take action under the corresponding deed of trust. *Id.* Accordingly, any foreclosure action under a deed of trust by a party without an interest in the debt is invalid.

The Complaint alleges that Defendants were not the beneficiaries of the Salazars' debt, and thus they lacked any authority to foreclose on the Deed of Trust. Indeed, the Complaint specifically "disputes any debt is owed to Defendant US Bank . . . or any other Defendant." The Complaint further alleges that Defendants foreclosed on the Salazars' property under the Deed of Trust and took title through this foreclosure despite their lack of authority. Taking these allegations as true, which the Court must because nothing in the complaint shows otherwise and there are no attached documents, the Salazars have stated a claim that the foreclosure action was invalid. Moreover, because Defendants' title in the property is based on this allegedly invalid foreclosure, the Salazars have unquestionably asserted a claim of superior title.

Equity, nonetheless, argues that "[the Salazars] cannot plead they have superior title" because the Complaint admits that the subject property remains encumbered by the Deed of Trust, which by its terms could be assigned to another party.

Equity's argument is without merit. First, the Salazars' admission that the property remains encumbered by the Deed of Trust does not preclude their quiet title claim because the allegations under this claim do not contest the validity of the Deed of Trust. Instead, the Salazars' quiet title claim disputes Defendants' foreclosure action and whether Defendant US Bank had rights under the Deed of Trust. Thus, the Salazars' admission that the subject property remains encumbered by a valid Deed of Trust does not preclude the current quiet title claim based on Defendants' purportedly invalid foreclosure.

Second, the Salazars' admission that the Deed of Trust is freely transferrable does not preclude their quiet title claim because the Complaint disputes whether the Deed of Trust was ever transferred to Defendant US Bank. Indeed, the Complaint specifically alleges that Defendant US Bank was never properly assigned the Deed of Trust and thus Equity lacked any authority to foreclose. Therefore, the Salazars' claim for quiet title is valid notwithstanding this admission because they specifically allege that there was never a valid transfer of the Deed of Trust.

Accordingly, the Court finds that the Salazars' have pleaded sufficient facts to state a claim for quiet title.

## Conclusion

For the reasons set forth above, the Court finds that the Salazars failed to state a claim for negligence under Count I, but properly pleaded a claim for quiet title under Count II. Therefore, Equity's demurrer is sustained with respect to Count I, but overruled with respect to Count II.