# CIRCUIT COURT OF AMHERST COUNTY

Academy of Veterinary
Homeopathy

v.

American Association
of Veterinary State Boards

June 27, 2012

Case No. CL11007955

BY JUDGE J. MICHAEL GAMBLE

I am writing to furnish my revised opinion in this case. By opinion letter of January 30, 2012, I dismissed this case without prejudice under the provisions of Va. Code § 8.01-265. I have decided to set aside that ruling.

Having set aside the earlier ruling, I must now analyze the demurrer of the defendant under Virginia law. In this regard, for the reasons I have set forth below, I sustain the demurrer as to both Count I: breach of contract and Count II: fraud in the inducement of the contract. Further, I dismiss both counts and dismiss the case.

Under the allegations, AVH is an organization that seeks to advance the science and practice of homeopathic medicine among veterinarians. This includes continuing education programs for licensed veterinarians on homeopathic medicine. AVH is a Florida corporation with its principal office in Leucadia, California.

The defendant, American Association of Veterinary State Boards ("AAVSB"), includes a committee named Registry of Approved Continuing Education ("RACE") that evaluates and approves providers of continuing education programs in veterinary medicine. The RACE programs are generally accepted by State Veterinary Boards in satisfaction of continuing education requirements for licensed veterinarians. AAVSB is an Illinois

corporation with its principal office in Kansas City, Missouri. AVH has been an approved "RACE Provider" since 2000. Under the AAVSB requirements, a Provider Agreement is approved by AAVSB. Thereafter, the provider may submit programs for approval by AAVSB through RACE. The duration of the Provider Agreement is two years. After each two-year period, there must be a new Provider Agreement entered into between AAVSB and the provider.

In February 2009, AVH submitted an offer to renew its provider status for an additional two years. This offer was signed in Amherst County, Virginia, by Dr. Sidney H. Storozum, the Chair of the AVH Conference Committee. It was mailed to AAVSB in Kansas City, Missouri, with the appropriate application fee. AAVSB approved the Provider Agreement and confirmed this in an email to Dr. Storozum in March 2009.

On July 26, 2009, AVH submitted a program application pursuant to the Provider Agreement. The program application was for a homeopathic continuing education program to be held in Savannah, Georgia, on October 22-25, 2009. In each year from 2000 to 2008, AVH held continuing education conference programs which were approved by RACE. Pursuant to the allegations of the amended complaint, approval was granted to conference programs presented by AVH in 2006, 2007, and 2008 applying identical RACE standards as were applied in 2009. Further, all of the previous nine RACE approved programs were veterinary homeopathy programs.

Subsequent to the continuing education program in Georgia during October 2009, AAVSB notified AVH that it would not approve the homeopathic continuing education program. The communication from AAVSB basically indicated that homeopathic medicine is not taught in schools of veterinary medicine and thus does not meet RACE standards.

AVH thereafter instituted litigation against AAVSB. The amended complaint seeks a recovery of compensatory damages and punitive damages for breach of contract and fraud in the inducement.

Under the facts alleged in the amended complaint and the documents incorporated as exhibits, neither AVH nor AAVSB is a corporation that was chartered in Virginia or has an office in Virginia. There is no allegation that AAVSB conducts any business in Virginia other than the general allegation in paragraph 2 of the amended complaint that "AAVSB conducts business in all fifty states." AVH eventually obtained from the State Corporation Commission of Virginia a Certificate of Authority to transact business on September 7, 2011. However, this was obtained subsequent to the material facts alleged in the complaint, and it was mostly obtained so that the plaintiff could proceed with the litigation without a stay being entered pursuant to Va. Code § 13.1-920.

A demurrer tests the legal sufficiency of facts alleged in the pleadings. It tests whether a motion for judgment states of cause of action upon

which the requested relief may be granted. All properly pleaded facts and inferences fairly drawn from those facts must be accepted at the demurrer stage. *Augusta Mutual Ins. Co. v. Mason*, 274 Va. 199, 204, 645 S.E.2d 290, 293 (2007). The court may consider any exhibits attached to the pleading. *TC MidAtlantic Development v. Commonwealth*, 280 Va. 204, 210, 695 S.E.2d 543, 547 (2010)

### Breach of Contract

The Provider Agreement dated February 8, 2009, sets forth the terms under which AAVSB will approve a RACE program. On the first page of the agreement, it is stated that "[T]he Provider . . . agrees to comply with the requirements for continuing education programs approved by AAVSB as provided in the document . . . posted on the AAVSB website. . . ." It is further provided on the first page that "approval . . . covers only the programs submitted to RACE through Program Applications by Provider. . . ."

On page 2 of the agreement, it is required that the Program Provider note on the course materials if a course has been submitted but not yet approved, and the marketing materials of the Program must advise that the Program has not yet been approved. Also, on page 2, the last paragraph provides in part, "[I] understand that failure to comply with RACE standards may result in loss of RACE recognition for Providers or Programs."

The essence of Count I of the complaint is that AAVSB breached the contract because it had previously approved veterinary homeopathy programs, thereby giving AVH the contractual right to continue to present the programs. AVH further alleges that the approval of previous programs constitutes a waiver of the objection to any new veterinary homeopathy programs. Further, for basically the same reasons, AVH alleges that AAVSB is estopped in equity because it has previously approved veterinary homeopathy programs presented by AVH. Additionally, AVH alleges that time was of the essence of the Provider Agreement in that AAVSB breached this covenant by failing to approve the program before the date of the conference.

When the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning. Words that the parties use are given their usual and ordinary meaning. *PMA Capital Ins. Co. v. US Airways, Inc.*, 271 Va. 352, 358, 626 S.E.2d 369, 372-73 (2006).

In this case, the terms of the Provider Agreement are clear. Each program presented must be approved by AAVSB. The Provider Agreement requires that the provider (in this case AVH) is to apply for the approval of each program. It further requires that the programs be approved according to the RACE standards. It also provides that approval covers only programs submitted through a program application. Last, the clear implication of the agreement is that some programs will not be approved by the time of

either the circulation of marketing materials or the date of the program. Accordingly, under the plain language of the Provider Agreement, AVH understood that all programs are subject to approval by AAVSB.

In this instance, as alleged in the amended complaint, the program did not meet RACE standards because veterinary homeopathy is not found in the course curriculum of colleges and schools of veterinary medicine and veterinary technician programs. The amended complaint does not dispute that there are no courses on veterinary homeopathy found in the curriculum of veterinary schools. It simply alleges that, because these programs were approved in the past, they should be approved in the future.

There is nothing in the Provider Agreement stating that, because a program was approved in the past, it must be approved in the future. If that were the case, the approval process would be meaningless.

The suggestion that there has been a waiver of any objection by AAVSB has no merit. The parties must enter into a new Provider Agreement every two years as is alleged by the amended complaint and found in the Provider Agreement. The earlier program approvals were under prior Provider Agreements. The Provider Agreement in this case, executed on February 8, 2009, requires that new applications must stand on their on merits. In contract cases, a court may properly sustain the demurrer and dismiss the case where a contract contains plain and unambiguous language. *Environmental Staffing Acquisition Corp. v. B & R Construction Management, Inc.*, 283 Va. 787, 793-94, 725 S.E.2d 550, 554 (2012).

The amended complaint asserts that AAVSB has waived any objections to the approval of the AVH application because it has previously approved homeopathic programs presented by AVH. Waiver is an intentional relinquishment of a known right. In order to establish waiver there must be (1) knowledge of the facts basic to the exercise of the right and (2) the intent to relinquish that right. Waiver must be established by clear and convincing evidence. *Virginia Tech v. Interactive Return Service*, 267 Va. 642, 651-52, 595 S.E.2d 1, 6 (2004).

As noted above, the parties were operating under a new two-year Provider Agreement. The terms of this agreement are clear and unambiguous. There is simply no provision in that agreement that suggests a waiver by AAVSB of its right to approve programs pursuant to the RACE standards.

Further, AVH alleges in the amended complaint that AAVSB made material representations upon which AVH relied. AVH alleges that AAVSB is equitably estopped from asserting that veterinary homeopathy does not meet the RACE standards.

Estoppel by conduct must have the following elements: (1) there must be a false representation or concealment of a material fact; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with the intention that the party should

act upon it; and (5) the other party must have been induced to act upon it. *County of Albemarle v. Massey*, 183 Va. 310, 316, 32 S.E.2d 228, 230 (1944). In this case, the Provider Agreement demonstrates that AVH was not ignorant of the truth. As set forth above, the Provider Agreement clearly requires that each program be approved by AAVSB under the RACE standard. The standards are not denied in the pleadings. Because the homeopathic program requires approval under the unambiguous terms of the new two-year Provider Agreement, AVH could not have been reasonably induced to rely upon the prior representations.

In paragraph 24 of the amended complaint, AVH alleges that "time is of the essence" is an implied material term of the Provider Agreement. A review of both the Provider Agreement and the application discloses that there is no provision making time of the essence in these agreements. Time is not of the essence of a contract unless it is expressly made a term of the contract or unless in fairness it should be implied from the conduct of the parties or from the nature of the circumstances. *Turney v. Smith*, 211 Va. 810, 813, 180 S.E.2d 509, 512 (1971).

There is no provision in either Provider Agreement or the application making time of the essence. Further, by the express terms of the agreement, it is anticipated that provider approval or disapproval may be given at a time subsequent to the promotional materials or even the meeting. Accordingly, the reasonable implication is that the parties contractually anticipate that time is not of the essence of the agreement.

The amended complaint further alleges that AAVSB breached the Provider Agreement because, as a "course of dealing," it approved previous AVH programs. In its brief in opposition to the demurrer, AVH argues that the amended complaint sets forth facts that "clearly demonstrate a course of dealing sufficient to settle any possible ambiguity." In support of this argument, the plaintiff cites provisions of the Uniform Computer Transactions Act, Va. Code § 59.1-501.1 et seq., and Va. Code § 8.1-205 (incorrectly cited as § 8.1A-303) of the Uniform Commercial Code. Neither of these code sections is applicable to this case, except by analogy. Nothing in this case involves computer information transactions, and this case does not involve the sale of goods or negotiable instruments under the Uniform Commercial Code.

No common law authority has been cited by the plaintiff in support of a contractual theory based on "course of dealing." Customs and usages of trade may be shown to establish a point upon which a contract is silent or unclear. See *Westmoreland-LG&E Partners v. Virginia Elec. & Power Co.*, 254 Va. 1, 9, 486 S.E.2d 289, 293 (1997). There has been no allegation of customs and usages of the trade in this case. Also, there is no silence or lack of clarity in the Provider Agreement.

Further, there has been no allegation of an ambiguity that would invoke an exception to the Parol Evidence Rule.

## Fraud in the Inducement

As stated above, I sustain the demurrer to fraud in the inducement and dismiss Count II. While an act or occurrence can support a cause of action for both breach of contract and breach of duty in tort, the Supreme Court has cautioned against turning every breach of contract case into a tort case. The duty that has been breached in tort must be a common law duty, not one existing between the parties solely by virtue of the contract. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 557-60, 507 S.E.2d 344 (1998). The allegations in the complaint in the existing case do not allege that AAVSB violated any duties outside of those assumed by the Provider Agreement. Where the plaintiff alleges a violation of duties that arise only by contract, there can be no tort action. *Augusta Mutual Ins. Co. v. Mason*, 274 Va. 199, 205-06, 645 S.E.2d 290, 293-94 (2007).

Boiled down to their essence, the allegations in the amended complaint simply allege that AAVSB did not properly apply the RACE Standard to the approval for the Veterinary Homeopathic continuing education program. These are issues created under the terms of the Provider Agreement between the parties.