WILKINSON, Circuit Judge,
concurring and dissenting:
Breach of contract is not a tort. Virginia law makes clear that a plaintiff may not recover in tort for breach of a duty that exists solely by virtue of a contract. See Augusta Mut. Ins. Co. v. Mason, 274 Va. 199, 645 S.E.2d 290, 293 (2007). Here, appellant Petr Bocek entered into a contract (the “Consulting Agreement”) with appellee JGA Associates (“JGA”). Under that agreement, JGA’s president, appellee Joseph Amato, agreed to provide Bocek with business consulting services in connection with the development and purchase of an allergy care practice.[1] The relationship between Bocek and Amato later soured, and Bocek commenced this litigation alleging, inter alia, that Amato breached his fiduciary duty by misappropriating a confidential business opportunity that he learned about from Bocek in the course of the consulting relationship. However, because Amato’s duty to Bocek arose solely from the Consulting Agreement, I cannot conclude that Bocek is entitled to recover in tort for the alleged breach. And because Bocek has expressly argued on appeal that Amato’s actions did not violate the Consulting Agreement, I cannot conclude that Bocek is entitled to recover for breach of contract. I therefore respectfully dissent.[2]
I.
As the lead opinion acknowledges, a plaintiff may not recover in tort for breach of a duty that arises solely from a contract. See Augusta, 645 S.E.2d at 293; see also Lead Op. at 176. The aim of this general rule is “[t]o avoid turning every breach of contract into a tort.” Augusta, 645 S.E.2d *181 at 293. Here, the duty that Amato allegedly breached arose solely from the Consulting Agreement, thus barring recovery in tort.
A.
The gravamen of Bocek’s tort claim is that Amato “breached his fiduciary duties to Bocek by lying to Bocek about the contemplated purchase price of ACC’s assets,” “failing to inform Bocek about material aspects of his dealings with [ACC],” and “using to [his own] advantage information [he] gained from Bocek in the course of [the] agency by pursuing ACC’s assets for [his] own financial gain.” J.A. 51-52. However, as a review of the Consulting Agreement reveals, these allegations actually speak to a breach of two contractual duties imposed on Amato.
Pursuant to that contract, Amato agreed to “make a diligent effort to review and report on the feasibility of the proposed allergy medicine practice” and “render such other services as may be agreed upon by the Client and the Consultant from time to time.” J.A. 64. As relevant here, the Consulting Agreement imposed two specific duties on Amato: (1) a duty to “update [Bocek] on an ongoing and regular basis as to the [Amato’s] progress in fulfilling [his] obligations and performing the services contemplated”; and (2) a duty to “not use any of [Bocek’s] [i]nformation for [Amato’s] own account.” J.A. 64-65. But for the Consulting Agreement, the two parties would not have had any relationship whatsoever and, thus, Amato would not have had the two aforementioned duties to Bocek.
Notwithstanding Bocek’s labeling of his tort claim as such, the duties Amato allegedly breached arose solely by virtue of the contract, and any recovery by Bocek for Amato’s actions is therefore limited to a contract claim. See Augusta, 645 S.E.2d at 293. While tort law exists to “provide[ ] redress ... for the violation of certain common law and statutory duties involving the safety of persons and property, which are imposed to protect the broad interests of society,” Filak v. George, 267 Va. 612, 594 S.E.2d 610, 613 (2004), those “broad interests of society” are not at issue here because Amato and Bocek came together ex ante and bargained for certain terms that were to govern their relationship.
B.
The lead opinion argues that although Amato had a contractual duty not to profit from Bocek’s information while the Consulting Agreement was still in effect, that duty terminated with the contract. However, given Amato’s ability to unilaterally abrogate the Consulting Agreement while providing only 10 days notice, this contractual duty to refrain from misusing Bocek’s information survived the termination. Under Virginia law, a contract must be given a construction consistent with “the intention of the parties as disclosed by the instrument in light of the surrounding circumstances.” Columbia Realty Venture, LLC v. Dong Dang, 83 Va. Cir. 258, 261 (2011) (quoting Kirschbaum v. Blair, 98 Va. 35, 34 S.E. 895, 897 (1900)). Although the Consulting Agreement does not explicitly indicate that Amato’s duty not to profit from Bocek’s information survived the contract’s termination, the parties plainly intended such survival. Consider the consequences of the contrary conclusion. If Amato’s duty terminated with the contract, he would have been able to obtain valuable, confidential information from his unsuspecting client and then use that information to his own advantage whenever he chose to do so. Such a scheme would eviscerate the very contract provision barring Amato from using his client’s information in the first place.
*182 The sole case that the lead opinion cites in its support, Condominium Services Inc. v. First Owners’ Ass’n, 281 Va. 561, 709 S.E.2d 163 (2011), only underscores the difficulty with its position. The test used by the Virginia Supreme Court for the tort of conversion requires that “the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract.” Id. at 171 (internal quotation marks omitted). See also Restatement (Second) of Torts § 222A (“Conversion is an intentional exercise of dominion or control over a chattel” of another). The conversion in that case existed irrespective of contract. It arose from the freestanding duty of any citizen to respect the lawful property rights of another. Here, as discussed above, the breach of duty was one both established and stemming exclusively from the contract. Unlike in Condominium Services, in this case, there was no “independent, willful tort ... separate from the contract.” Id. (internal quotation marks omitted).
Finally, the lead opinion holds that Boeek can advance his breach of fiduciary duty claims in tort because Amato terminated the Consulting Agreement “well before the breaches of fiduciary duty alleged in this case.” Lead Op. at 177. As noted above, it is my view that the contract’s requirement that Amato not profit from information provided by Bocek survived the termination. Furthermore, the lead opinion acknowledges that Amato had begun, before he terminated the contract, to use information he acquired from Bocek to contemplate the sale of ACC for his own gain and that of his associates. See Lead Op. 172-73; J.A. 1021-22. Although Amato did not purchase ACC until after the contract was terminated, Bocek provided him with important information while the parties were under contract. Cf. Today Homes, Inc. v. Williams, 272 Va. 462, 634 S.E.2d 737, 744 (2006) (“Liability post-termination continues only for those transactions completed after termination of the officer’s association with the corporation, but which ... were founded on information gained during the relationship” (internal quotation marks omitted)). Amato’s breach of fiduciary duty arose from information gained during and as a result of the contract. Bocek’s remedy should lie in contract.
II.
The parties’ sole relationship arose from the contract. The contract set the framework of that relationship. The contract established the duties these parties owed to one another. The contract afforded Amato the access to information he misused. The alleged wrongdoing is only wrong because it stemmed from that contractual understanding. Bocek cannot circumvent the origins of the relationship by declining to argue the relevant contract claim on appeal and opting instead to press what may seem a more lucrative claim and more open-ended recovery in tort. This blurs the line Virginia law has long labored to maintain. I would affirm in toto and respectfully dissent.[3]

. Since Amato is the only relevant officer of JGA for purposes of this appeal, I shall use "Amato" to refer to appellees Amato and JGA collectively.

. I concur in the lead opinion's disposition of Bocek’s other claims.

. Inasmuch as diere is no single majority approach, I have confined this dissent to Chief Judge Traxler’s lead opinion. As to my friend’s concurring opinion, to the extent that it can be read to advocate a free standing agency-based breach of fiduciary duty tort to every contract violation, that view is of fur *183 ther distance than the Chief Judge's asserted temporal limitation from my own.