# Staunton.

## E. GRAY LINNEY V. M. F. NORMOYLE, ET AL.

### September 23, 1926.

### Absent, West, J.

1. JUDICIAL SALES—*Creditor the Only Bidder—Case at Bar.*—The instant case was a suit to compel appellant to account for the proceeds from a sale of the property of appellees by the trustee in a deed of trust at which sale the appellant became the purchaser. Appellant was the administrator of the creditor in the deed of trust. The sale took place eighteen days after the expiration of the advertisement. Appellant was the only bidder at the sale. The property worth $3,500 was sold to appellant personally and not as administrator for $1,000. The trial court held that the sale was voidable in a court of equity, but the property having been conveyed by appellant to a purchaser for value without notice, decreed that appellant should account to appellees for the fair market value of the property as of the date of the sale.

    *Held:* That a mere statement of the facts demonstrated the correctness of the decree of the trial court.

2. EXECUTORS AND ADMINISTRATORS—*Duty of Representative to Protect the Estate—Administrator the Purchaser at a Sale Under a Deed of Trust to His Decedent—Case at Bar.*—In the instant case an administrator at a sale under a deed of trust to his decedent purchased the property worth $3,500 for $1,000. The debt secured by the deed of trust was $2,000. That the administrator failed to protect the estate he represented by becoming a personal bidder at the sale, was of itself such a breach of faith as would have warranted a court of equity in compelling him to account to the estate of his decedent, had suit been instituted for that purpose.

3. JUDICIAL SALE—*Injustice to Debtor—Sale Held Eighteen Days After the Expiration of the Advertisement—Inadequate Price—Case at Bar.*— Where a sale under a trust deed was held eighteen days after the expiration of advertisement and the only bidder was the representative of the creditor and the bid was grossly inadequate, this action of the trustee was prejudicial and amounted to an injustice to the debtor.

4. MORTGAGES AND DEED OF TRUST—*Duty of Trutees—Agent of Both*

*Parties.*—A trustee in a deed of trust is the agent of both parties, and bound to act impartially between them; nor ought he to permit the urgency of the creditors to force the sale under circumstances injurious to the debtor at an inadequate price. He is bound to bring the estate to the hammer under every possible advantage to his *cestui que trusts;* and he should use all reasonable diligence to obtain the best price.

5. MORTGAGES AND DEEDS OF TRUST—*Sale—Adjournment.*—A trustee in a deed of trust, in the exercise of a reasonable discretion, has the power to adjourn the sale from time to time.

6. MORTGAGES AND DEEDS OF TRUST—*Adjournment of Sale—Criterion of Necessity.*—When a trustee is faced with the question as to what is his duty in regard to an adjournment of a sale, the criterion is not that there is no bidder present except the creditor, but the criterion should be that there is no bidder present except the creditor who offers a bid so grossly inadequate which, if accepted, it would amount to a sacrifice of the debtor's property.

7. JUDICIAL SALES—*Inadequate Price—Actual Fraud—Relief in Equity.*— So jealously does a court of equity guard the rights of the unfortunate that it is not necessary that actual fraud be made to appear, but it will seize upon any inequitable circumstance as a ground to afford relief, where property is sold for a price so inadequate as to shock the conscience of the chancellor.

Appeal from a decree of the Law and Chancery Court of the city of Roanoke. Decree for complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Jackson & Henson,* for the appellant.

*S. K. Funkhouser,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

This was a suit instituted by the appellees to compel the appellant to account for the proceeds resulting from a sale of the property of M. F. Normoyle and wife, by W. E. Henson, trustee, at which sale the appellant became the purchaser.

It appears that appellant was administrator of A. L. Sibert, deceased, and on November 4, 1917, a note for $2,000, executed by M. F. Normoyle and Sons, payable to Sibert, became due. The sons of Normoyle having volunteered for service in the World War, a new note was executed by M. F. Normoyle, payable to Linney, administrator, and guaranteed on the back thereof by the partnership of Normoyle and Sons—this guarantee being placed thereon by M. F. Normoyle. To further secure the payment of this note, which was payable one year after date, Normoyle and wife, on the 31st day of November, 1917, executed a deed of trust to W. E. Henson, trustee, conveying a house and lot situated in the city of Roanoke. On this property there was a prior deed of trust to secure a loan of $2,000.

Default being made in the payment of this note, on the fourth day of November, 1918, appellant, acting in the capacity of administrator, requested the trustee to advertise and sell the property. The advertisement of sale appeared in "The Roanoke Times" on November 27 December 4, December 11 and December 18, 1918. The sale took place eighteen days after the expiration of the advertisement.

According to the preponderance of the evidence, only five persons attended the sale. Those were the trustee, the appellant, the auctioneer, the crier of the property and Mr. George W. Chaney, an attorney, who testified he was not present to bid on the property. There was only one bid on the property. This was the bid of appellant, who bid on the property personally, and not as administrator. The property was cried off to him at the sum of $1,000, thus leaving a balance due on the Normoyle note of $1,000, with the accumulated interest.

On January 14, 1919, appellant received his deed for the property, and on February 1, 1919, sold his equity

of redemption to W. J. Spangler for $3,500, having declined the offer of a son of M. F. Normoyle to redeem the property. Thereupon, M. F. Normoyle instituted this suit to compel appellant to account for the $2,500 difference between the price he paid for the equity of redemption in appellee's property and the amount he received for same, allowing a credit for the amount still due.

There was a demurrer to the bill, which was properly overruled.

Upon the hearing on the merits, the chancellor decreed that the conveyance as made by W. E. Henson, trustee, was voidable in a court of equity, and would have been decreed void at the prayer of M. F. Normoyle, the complainant, but said property having been conveyed by said Linney to a purchaser for value without notice, that he should be required to account for the fair market value of the property as of January 5, 1919.

After ascertaining the fair market value of the property to be $4,912, and after deducting the amount due on the prior deed of trust and allowing proper credit on the note held by the administrator, the court further decreed that M. F. Normoyle was entitled to recover of the appellant the sum of $643.57.

It is from this decree that the appellant was allowed an appeal.

[1] A mere statement of the facts demonstrates the correctness of the decree entered.

[2, 3] That the appellant failed to protect the estate he represented, by becoming a personal bidder at the sale, is of itself such a breach of faith as would have warranted the court in compelling him to account to the estate of his decedent, had suit been instituted for the purpose. Inasmuch as the sale was held eighteen days after the expiration of the advertisement, we are of

opinion that this fact, taken in connection with the results which followed the action of the trustee in proceeding with the sale under the circumstances mentioned, was prejudicial to the appellee and amounts to an injustice.

[4] Moncure, P., in *Rossett v. Fisher*, 11 Gratt. (52 Va.) 492, said: "A trustee in a deed of trust is the agent of both parties, and bound to act impartially between them; nor ought he to permit the urgency of the creditors to force the sale under circumstances injurious to the debtor at an inadequate price. 1 Lom. Dig. 323; *Quarles v. Lacy*, 4 Munf. [18 Va.] 251. He is 'bound to bring the estate to the hammer,' as has been said by Lord Eldon, 'under every possible advantage to his *cestui que trusts*;' and he should use all reasonable diligence to obtain the best price."

[5] That a trustee, in the exercise of a reasonable discretion, has the power to adjourn the sale, from time to time, to meet the exigencies of the situation, is the settled law of this State. *Rohrer v. Strickland*, 116 Va. 759, 82 S. E. 712.

"Moreover, if it appears that going on with the sale at the appointed time will result in a great sacrifice of the property, it is his (the trustee's) positive duty to adjourn the sale." 27 Cyc. 1475.

In *Rohrer v. Strickland, supra*, Judge Whittle quotes from Jones on Mortgages (sec. 1873) as follows: "If a trustee finds that there is no bidder present except the creditor, or only sham bidders, he should adjourn the sale." In support of this proposition, *Fairfax v. Hopkins*, 8 Fed. Cas. No. 4614, 2 Cranch C. C. 134; *Meyer v. Jefferson Ins. Co.*, 5 Mo. App. 245; *Vail v. Jacobs*, 62 Mo. 130, 133; *Johnston v. Eason*, 338 N. C. 330, 336; and *Briggs v. Briggs*, 135 Mass. 306, are cited.

Upon a close analysis of these cases, it is apparent

that the statement in the text is not to be taken literally. In each of the cases cited the decision was based upon other inequitable circumstances, as well as the mere fact that the creditor was the only bidder.

[6] When a trustee is faced with the question as to what is his duty in regard to an adjournment of a sale, we do not think that the criterion should be "that there is no bidder present except the creditor," but we are of the opinion that the criterion, under such circumstances, should be that there is no bidder present except the creditor who offers a bid so grossly inadequate, which, if accepted, would amount to a sacrifice of the debtor's property.

To sustain the concluson of the chancellor, the case of *Rohrer* v. *Strickland, supra,* is relied on by the appellee.

Counsel for the appellant here was counsel for Mrs. Rohrer in the above named case. With great skill, he seeks to draw a distinction between the cases, a distinction which we are unable to perceive. The essential facts are practically the same. There, property worth $1,800 was sold under a deed of trust, to the creditor, for $675. Here, property worth $3,500 (the equity of redemption) was sold to one who should have represented the creditor for $1,000. In each case there was only one bidder and only one bid from him. In the opinion it is said: "The unconscionableness of this transaction fully appears from the * * * undisputed facts, * * *. The arm of the chancellor would indeed be all too short if it could not reach out and prevent the injustice and oppression that would result from granting the prayer of the original bill."

[7] So jealously does a court of equity guard the rights of the unfortunate, that it is not necessary that actual fraud be made to appear, but it will seize upon any in-

equitable circumstance as a ground to afford relief, where, as in a case like this, property is sold for a price so inadequate "as to shock the conscience of the chancellor."

Upon the whole case, we are of the opinion that the decree of the trial court should be affirmed.

*Affirmed.*