PRESENT: All the Justices

MICHAEL W. CROSBY

v. Record No. 180062

ALG TRUSTEE, LLC

OPINION BY
JUSTICE CLEO E. POWELL
December 20, 2018

FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Cheryl V. Higgins, Judge

Michael W. Crosby ("Crosby") appeals the decision of the Circuit Court of Albemarle

County in sustaining the demurrer filed by ALG Trustee, LLC ("ALG Trustee") and dismissing

his second amended complaint with prejudice.

I. BACKGROUND

Crosby owns real property in Albemarle County (the "property"). On September 15,

2003, Crosby took out a loan for $60,000, which was evidenced by a promissory note and

secured by a deed of trust encumbering the property. The note was subsequently assigned to the

Federal National Mortgage Association ("Fannie Mae").

In April 2014, the loan was in default, with $18,313.05 due on the note. That same

month, ALG Trustee was substituted as trustee on the deed of trust.

On May 12, 2014, ALG Trustee informed Crosby that a foreclosure sale of the property

would take place on May 29, 2014. At least two separate entities, Emerald Spring LLC

("Emerald Spring") and Argent Development, LLC ("Argent"), were represented at the

foreclosure sale. Prior to the sale of the property, Emerald Spring and Argent had bid separately

on properties offered by ALG Trustee. However, Emerald Spring and Argent submitted a single,

combined bid of $20,903.77 for the property at issue in the present case. Although ALG Trustee

was aware that the property had a tax assessed value of $436,800, it accepted the bid. On June 9,

2014, a trustee's deed was recorded in the public records of Albemarle County conveying the property to the purchasers.

On June 19, 2014, the purchasers brought an unlawful detainer action against Crosby. Crosby, in turn, filed a declaratory judgment action against ALG Trustee, Fannie Mae and the purchasers, seeking rescission of the foreclosure sale and injunctive relief. He also filed an emergency motion for temporary injunctive relief to halt the unlawful detainer action. The motion was granted with the requirement that Crosby pay $2,000 per month to be held by the trial court as rent while the matter was pending.

Crosby eventually reached an agreement with the purchasers whereby he repurchased the property for $20,000 plus the amount held in escrow by the trial court, for a total of $78,058.63. Crosby then settled his claims with Fannie Mae and the purchasers. Crosby subsequently sought leave to file a second amended complaint, which was granted.[1]

In his second amended complaint, Crosby alleged that ALG Trustee had breached its fiduciary duty as a trustee under the deed of trust. Specifically, Crosby claimed that ALG Trustee breached its fiduciary duty by failing to act impartially when it sold property with a tax assessed value of $436,800 for only $20,903.77, by failing to conduct the sale in a manner that would have generated more than a de minimis bid, by not cancelling the sale when it only received a single inadequate bid, and by not timely responding to Crosby's request for the amount required to reinstate the loan. Crosby further alleged that the inadequacy of the price was "so gross as to shock the conscience" and ALG Trustee was aware that the purchasers' bid

---

[1] Crosby had previously been granted leave to amend his complaint for reasons not relevant to the present appeal.

2

"was unlikely to result in any reasonable return on the [p]roperty, and was likely to harm Mr. Crosby."

ALG Trustee demurred. In its demurrer, ALG Trustee acknowledged that Crosby's claim was "an action for a breach of contract, and specifically in this case, a breach of the contractual duties contained in the deed of trust.". ALG Trustee argued that it did not owe any fiduciary duties to Crosby, "except for those duties arising from the contractual relationship set forth in the deed of trust." According to ALG Trustee, the fiduciary duties Crosby was relying on were not set forth in the deed of trust and, therefore, did not exist. The trial court initially overruled the demurrer, finding that the deed of trust was a contract and "that is where the [fiduciary] duty arises from."

Before the order overruling the demurrer was entered, ALG Trustee filed a motion to reconsider.[2] In its motion, ALG Trustee argued that the trial court erred in overruling the demurrer because it misinterpreted two circuit court cases that addressed similar issues. ALG Trustee further claimed that the second amended complaint did not "state which actions taken by [ALG Trustee] constitute a violation of [its duty of impartiality]." ALG Trustee also took issue with the fact that the second amended complaint failed to allege any violations of an express term or statutorily imposed term of the deed of trust.

In his brief in opposition to the motion to reconsider, Crosby asserted that the trial court did not misinterpret the circuit court cases. He also reiterated several allegations in the second amended complaint that he claimed demonstrated that ALG Trustee had violated its fiduciary

---

[2] ALG Trustee also filed a second demurrer that addressed whether a cause of action against ALG Trustee continued to exist once Crosby had settled with the purchasers and Fannie Mae and whether the damages sought by Crosby could be awarded. The trial court also overruled this demurrer.

3

duties.  Specifically, he pointed out that he had explicitly alleged that ALG Trustee failed to cancel or postpone the sale when it became aware that the only two bidders were bidding together rather than separately and that ALG Trustee "failed to adjourn or postpone the sale when it was apparent that the sale was unlike[ly] to result in any reasonable return on the property."

In a letter opinion dated July 21, 2017, the trial court granted ALG Trustee's motion to reconsider and sustained the demurrer.  In explaining its decision, the trial court noted that, although a trustee's fiduciary duties are "incorporated into the Deed of Trust in the language that the trustee is to act 'with perfect fairness and impartiality' to both the debtor and creditor . . . such language does not create a common law duty."  It went on to state:

> The Second Amended Complaint alleged a breach of fiduciary duty but did not specify the basis of the duty.  However, in [Crosby's] Brief in Opposition to Motion to Reconsider, it is clear [Crosby] has pled this cause of action under the common law negligence claim.  I find the trustee's duties are limited to the four corners of the contract and there is no duty by the trustee under the common law.  To the extent this decision is inconsistent with other similar decisions the Court has made in this case, I am reversing my position.

Crosby appeals.

## II.  ANALYSIS

On appeal, Crosby argues that the trial court mischaracterized his claim as a common law negligence claim and, as a result, improperly granted the demurrer.  Crosby further contends that the trial court erred in concluding that ALG Trustee had no duties beyond those set forth in the deed of trust.  Finally, Crosby claims that the trial court incorrectly determined that a trustee under a deed of trust does not owe a duty to sell the property in a manner that maximizes the sales price and to not sell it at a price so low that it "shocks the conscience."

4

Our review of the trial court's decision to sustain the appeal is governed by well-established principles. "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors*, 266 Va. 550, 554 (2003). Therefore, "we accept as true all properly pled facts and all inferences fairly drawn from those facts." *Augusta Mut. Ins. Co. v. Mason*, 274 Va. 199, 204 (2007). Furthermore, "[a] trial court's decision sustaining a demurrer presents a question of law which we review de novo." *Harris v. Kreutzer*, 271 Va. 188, 196 (2006).

## A. NATURE OF CROSBY'S CLAIM

In his first assignment of error, Crosby argues that the trial court erred in mischaracterizing his claim as a common law negligence claim. Crosby contends that his claim was actually a contract claim, not a negligence claim. We agree.

To determine whether a claim sounds in contract or tort, the Court employs the source of duty rule. *MCR Fed., LLC v. JB&A, Inc.*, 294 Va. 446, 457 (2017). Under this rule, the distinction between a tort claim and a contract claim is ascertained by looking to the source of the duty that was allegedly breached. *See Augusta Mut.*, 274 Va. at 205 ("[T]he determination whether a cause of action sounds in contract or tort depends on the source of the duty violated.").

> If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort.

*Oleyar v. Kerr*, 217 Va. 88, 90 (1976).

Moreover, an action for the breach of contractually implied duties is still contractual in nature, notwithstanding the fact that such a breach may sound in tort. Indeed, in *O'Connell v.*

5

*Bean*, 263 Va. 176, 181 (2002), we specifically held that breaches of fiduciary duty arising out of a contract "while sounding in tort, are actions for breaches of the implied terms of [the] contract."

In the present case, Crosby alleged that the relationship between himself and ALG Trustee was based entirely on the deed of trust. Indeed, the record is devoid of any other basis upon which the parties' relationship could be asserted other than the deed of trust. As a deed of trust is a contract under the law, *see* Code § 55-59 ("Every deed of trust to secure debts or indemnify sureties is in the nature of a contract"), it is clear that Crosby's claim sounded in contract, not tort.[3] Accordingly, the trial court erred in characterizing Crosby's claim as a common law negligence claim.

## B. ALG TRUSTEE'S FIDUCIARY DUTIES

In his next assignment of error, Crosby takes issue with the trial court's ruling that ALG Trustee's duties under the deed of trust "are limited to the four corners of the contract and there is no duty by the trustee under the common law." Crosby argues that this ruling was erroneous, as this Court has long recognized that a trustee under a deed of trust owes both the debtor and the creditor certain implied fiduciary duties. Again, we agree.

"A trustee under a deed of trust is a fiduciary for both debtor and creditor." *Smith v. Credico Indus. Loan Co.*, 234 Va. 514, 516 (1987). These fiduciary duties arise under the common law and have been recognized both explicitly and implicitly for more than 200 years. *See Quarles v. Lacy*, 18 Va. (4 Munf.) 251, 259-60 (1814) (recognizing that trustees under a

---

[3] It is also telling that, prior to the trial court's ruling on the motion to reconsider, the nature of Crosby's claim was not in dispute. Notably, in its demurrer, ALG Trustee expressly acknowledged that Crosby's claim involved "a breach of the contractual duties contained in the deed of trust." Similarly, the trial court had previously found that ALG Trustee's fiduciary duties arose from the deed of trust.

deed of trust must "consider themselves impartial agents for both parties, and act in all sales for the interest of the debtor as well as the creditor"). As a fiduciary, a trustee is disqualified from directly or indirectly purchasing the property subject to the deed of trust because "a trustee must refrain from placing himself in a position where his personal interest conflicts with the interests of those for whom he acts as fiduciary." *Whitlow v. Mountain Tr. Bank*, 215 Va. 149, 152 (1974). Moreover, the requirement of impartiality means that a trustee under a deed of trust must balance the conflicting positions of the creditor and debtor such that a benefit to one cannot come at a disproportionate expense of the other. *See, e.g.*, *Rohrer v. Strickland*, 116 Va. 755, 760 (1914) ("if it appears that going on with the sale at the appointed time will result in a great sacrifice of the property, it is [the trustee's] positive duty to adjourn the sale"); *Rossett v. Fisher*, 52 Va. (11 Gratt.) 492, 498-99 (1854) (holding that a trustee should not "permit the urgency of the creditor to force the sale, under circumstances injurious to the debtor, at an inadequate price"); *Gay v. Hancock*, 22 Va. 72 n.+ (1822) ("A trustee in a deed of trust is considered as the agent of both parties and bound to act impartially between them; and it is his duty to use every reasonable effort to sell the estate to the best advantage."). So important is the requirement of impartiality that this Court has expressly recognized that a trustee's failure to remain impartial by selling the property at a price that is "so grossly inadequate as to shock the conscience" will "raise a presumption of fraud." *Cromer v. De Jarnette*, 188 Va. 680, 686 (1949); *see also Linney v. Normoyle*, 145 Va. 589, 594-95 (1926) ("So jealously does a court of equity guard the rights of the unfortunate, that it is not necessary that actual fraud be made to appear, but it will seize upon any inequitable circumstance as a ground to afford relief, where, as in a case like this, property is sold for a price so inadequate 'as to shock the conscience of the chancellor.'").

Notwithstanding our longstanding jurisprudence on this matter, ALG Trustee insists that a trustee's duties under a deed of trust are limited to those expressly stated in the deed of trust. In taking this position, ALG Trustee asserts that the common law fiduciary duties previously recognized have been abrogated. ALG Trustee relies heavily on this Court's holding that "[t]he powers and duties of a trustee in a deed of trust, given to secure the payment of a debt, are *limited and defined by the instrument* under which he acts." *Powell v. Adams*, 179 Va. 170, 174 (1942) (emphasis added). Immediately following the quoted language that ALG Trustee relies upon, however, the Court reiterated the existence of common law fiduciary duties, thereby negating ALG Trustee's entire argument. Specifically, the Court went on to state that a trustee "is the agent of both debtor and creditor. *It is incumbent upon him to act toward each with perfect fairness and impartiality.*" *Id.* (emphasis added). Thus, it is clear that *Powell* did not abrogate the implied common law fiduciary duties of a trustee under a deed of trust; rather, the language relied on by ALG Trustee merely addressed the express powers and duties of a trustee under a deed of trust.

ALG Trustee further claims that our jurisprudence on the common law fiduciary duties of trustees is no longer valid in light of the General Assembly's legislation regulating the conduct of those trustees. We note, however, that most of the regulatory provisions upon which ALG Trustee relies address matters not at issue here. *See, e.g.*, Code § 55-59.1(A) (describing the notices that are required before a foreclosure sale); Code § 55-59.2 (describing the type and number of advertisements that must precede a foreclosure sale); Code § 55-59.3 (describing the contents of the advertisements); Code § 55-59.4(1-3) (describing who can bid, the form of bids that may be accepted, the deposits that a trustee may require and how the proceeds of the sale must be disbursed).

8

The mere fact that the General Assembly has extensively regulated certain aspects of a trustee's duties does not translate to a broad abrogation of the trustee's fiduciary duties imposed under the common law. *See Boyd v. Commonwealth*, 236 Va. 346, 349 (1988) ("When an enactment does not encompass the entire subject covered by the common law, it abrogates the common-law rule only to the extent that its terms are directly and irreconcilably opposed to the rule.") Indeed, this Court has repeatedly admonished that, where a statute does not expressly or by necessary implication change the common law, that statute is "to be read 'in conjunction with the common law, giving effect to both.'" *Cherry v. Lawson Realty Corp.*, 295 Va. 369, 377 (2018) (quoting *Jenkins v. Mehra*, 281 Va. 37, 44 (2011)). It is further worth noting that the only statute that addresses the trustee's duties with regard to a foreclosure sale expressly indicates that it does not cover the entire field of duties the trustee has in this area. Code § 55-59.4 states that "[i]n the event of sale under a deed of trust, the trustee shall have the following powers and duties *in addition to all others*." (Emphasis added.) This language clearly indicates that the legislature did not intend to limit a trustee's powers and duties to those enumerated in Code § 55-59.4.

In the present case, Crosby alleged several different duties under the deed of trust that ALG Trustee breached. Specifically, Crosby claimed that ALG Trustee breached its fiduciary duties by conducting the foreclosure sale "with only the bare minimum of advertising under the deed of trust," by failing to cancel or postpone the foreclosure sale when Emerald Spring and Argent bid together, by not timely responding to his request for the amount required to reinstate the loan, and by failing to act impartially in conducting the foreclosure sale. Some of these duties, such as the duty to give public notice of the sale by advertising, although characterized as

9

a fiduciary duty, are actually contractual and/or statutory in nature.[4] Others, such as the duty to act impartially, are clearly common law duties, as explained above.

With regard to whether Crosby sufficiently alleged that ALG Trustee breached its duty of impartiality, we note that Crosby based his claim on the fact that the property was sold for approximately 5% of its tax assessed value and that the sales price allowed Fannie Mae to recover the entire amount it was due while Crosby lost "all of the equity he had amassed in the Property." The clear implication of Crosby's allegations is that ALG Trustee favored Fannie Mae at Crosby's expense by selling the property at a grossly inadequate price. In other words, ALG Trustee failed to balance the conflicting positions, resulting in a benefit to Fannie Mae at a disproportionate expense to Crosby.

We recognize that a variety of factors must be considered in determining whether the sale price is so grossly inadequate as to shock the conscience of the court. *See Cromer*, 188 Va. at 686 (recognizing that "forced sale value is rarely equivalent to the fair market value as is fixed by negotiations between one who is not compelled to sell and one who is not compelled to buy.") However, where, as here, the complaint establishes that the foreclosure sale overwhelmingly benefited the creditor at the debtor's expense and there was a significant discrepancy between the sales price and the value of the property, it is readily apparent that the allegations are sufficient to survive a demurrer.[5]

---

[4] The deed of trust expressly sets out the amount of advertising that must precede the foreclosure sale. Additionally, the minimum amount of advertising necessary under the deed of trust mirrors the minimum requirements stated in Code § 55-59.2(A). Finally, the contents of the advertisements are governed by Code § 55-59.3. Thus, contrary to Crosby's characterization, the duty to give public notice of the sale by advertising is both contractual and statutory, and not an implied fiduciary duty.

[5] We recognize that situations may arise where, through no fault of the trustee, the only bids received are woefully inadequate. This Court has long recognized that, in such a situation,

10

Given this Court's explicit recognition that the duty of impartiality is a common law duty that exists as an implied term of the deed of trust, the trial court's ruling that ALG Trustee's duties were "limited to the four corners of the contract and there is no duty by the trustee under the common law" was erroneous. [6]

## III. CONCLUSION

For the foregoing reasons, we will reverse the judgment of the trial court sustaining ALG Trustee's demurrer and we will remand the matter to the trial court for further proceedings.

*Reversed and remanded.*

JUSTICE MIMS, with whom JUSTICE GOODWYN joins, concurring in part and dissenting in part.

I concur with the majority's conclusion in Part II(A) that the circuit court erred by mischaracterizing Crosby's claim as one for common law negligence. As the majority notes,

---

"[i]t is the trustee's duty to forbear to sell, and to ask the aid and instructions of a court of equity . . . when, for any reason, a sale is likely to be accompanied by a sacrifice of the property, which, at the cost of some delay, may be obviated." *Morriss v. Virginia State Ins. Co.*, 90 Va. 370 (1893).

[6] In his third assignment of error, Crosby argues that the trial court erred "by concluding that a trustee under a deed of trust does not owe a fiduciary duty to sell a borrower's property in a manner which maximizes the sale price or to not sell it at a price that is so low that it 'shocks the conscience.'" We note, however, that the trial court did not specifically rule on this matter. Rather, the trial court based its ruling entirely on its determination that Crosby had brought a negligence claim and that ALG Trustee had no common law fiduciary duties because a trustee's duties are limited to the four corners of the deed of trust. Consequently, Crosby's third assignment of error addresses rulings not made by the trial court and, therefore, we dismiss this assignment of error as improvidently granted. *See* Rule 5:17(c)(1)(iii). To the extent that Crosby's third assignment of error addresses matters that are implied by the trial court's actual rulings, our analysis above sufficiently addresses those matters.

We do not address ALG Trustee's arguments regarding whether Crosby's second amended complaint raised a sufficient basis to support an award of damages as the issue has not been fully developed.

11

"Crosby alleged that the relationship between him and [ALG] was based entirely on the deed of trust." *Ante* at 6. However, that is precisely why his claim against ALG fails, and why I must respectfully dissent from Part II(B).

In his second amended complaint, Crosby alleged that ALG breached its duties because it "conducted the sale with the minimum of advertising required under the Deed of Trust." He alleged that this constituted a failure to "bring bidders to the sale in order to conduct a sale which would have generated more than a de minimus [sic] bid." He alleged that it breached its duty "by not cancelling or postponing the sale," which it should have done when it "saw that the proposed sale was unlikely to result in any reasonable return on the Property." These alleged breaches culminated in "ALG allow[ing] the Property to be sold at auction for a mere $20,903.77," "[a]lthough the Property had a tax assessed value of $436,800."

Everyone agrees that the deed of trust is the contract from which the parties' duties arise in this case. Paragraph 22 provides that

> [i]f Lender invokes the power of sale, Lender or Trustee shall give to Borrower, the owner of the Property, and all other persons, notice of sale as required by Applicable Law. Trustee shall give public notice of sale by advertising, in accordance with Applicable Law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located, and by such additional or any different form of advertisement the Trustee deems advisable. Trustee may sell the property on the eighth day after the first advertisement or any day thereafter, by not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with Applicable Law.

In its demurrer to the second amended complaint, ALG argued that all of the acts Crosby alleged as breaches of fiduciary duty complied "with the terms of the contractual provisions in the deed of trust." Although this argument was not the basis for the circuit court's ruling, it is a

12

sound one upon which to affirm the judgment. *Haynes v. Haggerty*, 291 Va. 301, 305 (2016) (discussing the right result for a different reason doctrine). Crosby alleged that ALG sold the property at auction after advertising it only twice—but he agreed in the deed of trust that the trustee could sell the property after advertising it that many times. He alleged that ALG sold the property to the highest bidder at the auction—but he agreed in the deed of trust that it could. In fact, he agreed that it *shall*. Thus, ALG did exactly what the parties to the deed of trust agreed that the trustee would do: advertise that the property would be sold at auction, and sell the property to the highest bidder there.

The majority notes that "'breaches of fiduciary duty . . . are actions for breaches of the implied terms of a contract.'" *Ante* at 6 (quoting *O'Connell v. Bean*, 263 Va. 176, 181 (2002). It follows, then, that Crosby should be able to identify some provision of the contract, express or implied, that ALG violated. He has not. The majority has not either. To the extent that the majority holds that the fiduciary duty of impartiality is the implied term of the deed of trust that ALG allegedly violated, the duty we have recognized is impartiality *between the debtor and the creditor*. *Ante* at 8 (citing *Powell v. Adams*, 179 Va. 170, 174 (1942)).

None of Crosby's allegations suggest bias toward the creditor. His second amended complaint alleges no bias toward the foreclosure purchasers, collusion with them, or self-dealing, either. To the contrary, the allegations establish nothing more than that ALG dispassionately, impartially, and without interest or bias discharged each obligation the deed of trust imposed on it, without favor to anyone involved in the transaction. ALG advertised for a foreclosure sale, as the deed of trust required, and sold the property to the highest bidder there, as the deed of trust required. Yet the majority remands for a trial to determine whether ALG may be liable to Crosby for damages for doing exactly what he agreed in the deed of trust that it was required to

13

do. By doing so, the majority makes the trustee under a deed of trust a guarantor by implication of the price that a foreclosed property sells for at auction, when the parties to the deed of trust expressly agreed both (1) to a number and frequency of advertisements intended to draw buyers to the auction, and (2) that the property will be sold to the highest bidder so drawn.

The Court has recently considered several cases in which lenders or trustees have done things deeds of trust did not empower them to do, or failed to do things deeds of trust required them to do. This is not such a case. Here, ALG did all of the things that the deed of trust required. It did them as the deed of trust required them to be done. It should not face liability for damages for those actions, especially in a case where the homeowner has recovered the property from the foreclosure purchasers in a settlement.[1] Accordingly, based on the provisions of the deed of trust and the allegations of the second amended complaint in this case, I would affirm the circuit court's judgment sustaining ALG's demurrer.[2]

---

[1] The sale of a property for a price so grossly inadequate that it shocks the conscience is a ground to set aside a foreclosure in equity. *Linney v. Normoyle*, 145 Va. 589, 594-95 (1926); *Rohrer v. Strickland*, 116 Va. 755, 759 (1914). But in this case, Crosby has recovered the property—and his equity in it—so that remedy is moot and it is not what he seeks here. Instead, he seeks an award of damages, but neither he nor the majority cite any authority to support his argument that a sale even for a shockingly inadequate price is a ground for damages.

[2] ALG also argues that the fiduciary duties of a trustee under a deed of trust arising from common law have been abrogated by statute. It is true that a trustee under a deed of trust is different from a trustee under a general trust agreement, and their fiduciary duties are not the same. *See* Code § 64.2-700(A)(1) (expressly excluding trustees under deeds of trust from the provisions of the Uniform Trust Code, Code §§ 64.2-700 through -808). The Uniform Trust Code expressly supplements, rather than supplants, the common law of trusts. Code § 64.2-777(B). The same may or may not be true of the statutes codified in Title 55 that specify the duties of trustees under deeds of trust. However, we need not consider that issue in this case because a trustee's duties certainly may be limited by the terms of the deed of trust, unless prohibited by statute. The deed of trust limits them here and there is no statutory prohibition.

14